FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 14, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FIRST INTERSTATE BANK, a Montana state-chartered bank,

Petitioner,

vs.

WALL STREET APARTMENTS, LLC, a Washington limited liability Company,

Respondent.

No. 2:26-cv-00445-RLP

ORDER DENYING REMOVAL AND DISMISSING CASE

Before the Court are Alaa Elkharwily's Notice of Removal, ECF No. 1, and Request for Leave to File Notice of Removal, Emergency Motion for Recusal, Special Master Appointment, and Motion to Transfer Venue, ECF No. 1-1. Wall Street Apartments, LLC filed a response opposing removal. ECF No. 5. The Court has reviewed the record and files herein and is fully informed.

The Court previously declared Mr. Elkharwily and Neil Humphries vexatious litigants and entered a pre-filing injunction prohibiting them, along with their associates and representatives, from filing further notices of removal

concerning the underlying state court receivership action without first obtaining written permission from this Court. *First Interstate Bank v. Wall Street Apartments, LLC*, No. 2:24-cv-00154-TOR, ECF No. 25 at 11. The Court imposed the injunction after finding that Mr. Elkharwily and his associates had repeatedly attempted to remove the same state court action without a proper basis for doing so. *Id.* at 6-9. Since then, the Court has repeatedly denied further attempts to remove the same action. *See First Interstate Bank v. Wall Street Apartments, LLC*, Nos. 2:24-cv-00237-TOR, 2:24-cv-00287-TOR, 2:24-cv-00336-TOR, and 2:26-mc-00010-TOR.

Despite the pre-filing injunction, Mr. Elkharwily filed another Notice of Removal on October 2, 2026, without first obtaining the Court's written permission. ECF No. 1. Although Mr. Elkharwily simultaneously filed a request for leave to remove, ECF No. 1-1, the injunction expressly requires prior written permission. Mr. Elkharwily contends that removal is now appropriate based on a September 2, 2026 order from the Washington Supreme Court in *First Interstate Bank v. Wall Street Apartments, LLC*, No. 104965-0, which he characterizes as a new event triggering removal under 28 U.S.C. § 1446(b)(3). ECF No. 1 at 6-7. But that order merely denied two motions to modify the Commissioner's rulings in the related state court appellate proceedings. ECF No. 1 at 20. It did not alter the nature of the underlying receivership action or establish a new basis for federal

jurisdiction. Nor does the order cure the deficiencies previously identified by this Court. Mr. Elkharwily continues to invoke 28 U.S.C. §§ 1442(a)(1) and 1443(1), relying on his purported status as a federal contractor in connection with federally backed loans and alleged violations of his civil rights in the state court proceedings. ECF No. 1 at 8-11. These assertions do not establish a basis for removal and substantially repeat arguments previously rejected by this Court.

Accordingly, the Court denies Mr. Elkharwily's request for permission to remove the state court action. To the extent Mr. Elkharwily seeks additional relief, including recusal, transfer of venue, and appointment of a special master, those requests are also denied. ECF No. 1-1 at 2, 4-7. His conclusory allegations of judicial misconduct and conflicts of interest do not establish a basis for recusal under 28 U.S.C. § 455. *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (citation omitted) (explaining that speculation, adverse rulings, and baseless personal attacks against judges ordinarily do not warrant recusal). Nor has Mr. Elkharwily established grounds for transfer of venue or appointment of a special master. *See* 28 U.S.C. § 1404(a); Fed. R. Civ. P. 53(a)(1).

Mr. Elkharwily's continued disregard of this Court's orders is unacceptable. The Court imposed the pre-filing injunction after finding that his repeated, meritless attempts to remove the same state court action were intended to delay the

state court proceedings and harass opposing counsel. *First Interstate Bank v. Wall Street Apartments, LLC*, No. 2:24-cv-00154-TOR, ECF No. 25 at 7-8. Yet Mr. Elkharwily persists in pursuing removal on grounds this Court has repeatedly rejected. The pre-filing injunction is a binding court order, and filing a request for permission contemporaneously with a notice of removal does not satisfy its requirements.

**Mr. Elkharwily is expressly warned that any further violation of the injunction will result in monetary sanctions.** The Court will also consider whether additional, narrowly tailored filing restrictions are warranted if this conduct continues. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-62 (9th Cir. 2014). The Court will not allow continued misuse of the removal process to burden the parties, consume judicial resources, and interfere with the orderly administration of justice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Elkharwily's Request for Leave to File Notice of Removal, **ECF No. 1-1**, is **DENIED**.
2. Mr. Elkharwily's attempted removal, **ECF No. 1**, is **DENIED**.
3. Mr. Elkharwily's remaining requests for relief, **ECF Nos. 1 and 1-1**, are **DENIED**.
4. This matter is **DISMISSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, furnish copies to counsel and Mr. Elkharwily, and mail a certified copy of this Order to the Clerk of the Spokane County Superior Court. The District Court Executive is also directed to **CLOSE THE CASE**.

**DATED** October 13, 2026.

REBECCA L. PENNELL
DISTRICT COURT JUDGE